UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSEPH ARTHUR WILLIAMS,**

    **Plaintiff,**

vs.                                                     Case No.: 8:08-CV-2448-T-33EAJ

**UNITED STATES DEPARTMENT OF
TREASURY, SECRETARY OF THE
TREASURY, TIMOTHY F. GEITHNER
in his official capacity and in his
individual capacity,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the court is pro se Plaintiff's **Petition for Writ of Mandamus** (Dkt. 7) and Defendants' **Response in Opposition** (Dkt. 14).[1] Upon consideration, Plaintiff's petition should be denied.

Writs of mandamus have been abolished pursuant to Rule 81(b), Fed. R. Civ. P. See Wooten v. Thirteenth Judicial Circuit, Hillsborough County, Fla., No. 8:09-cv-299-T-33EAJ, 2009 WL 426515, at *1 (M.D. Fla. Feb. 20, 2009). However, under the Mandamus Act, 28 U.S.C. § 1361, federal courts have jurisdiction over "any action in the nature of mandamus" to compel officers or employees of the United States to perform their duties. See Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003) (per curiam). "Such an order may issue by way of a civil action and a properly made motion for injunctive relief under Rule 65." Bonner v. Eppler, No. 3:03CV278/RV/MD, 2003 WL 23239483, at *2 (N.D. Fla. Dec. 16, 2003).

---

[1] The District Judge has referred Plaintiff's petition to the undersigned. See Local Rules 6.01(b) and 6.01(c), M.D. Fla.

Even construing Plaintiff's petition as a complaint seeking injunctive relief, his request should be denied.[2] Although the exact relief Plaintiff seeks is unclear, Plaintiff filed this case against the Secretary of the Treasury alleging employment discrimination after exhausting his administrative remedies (see Dkt. 11). In his petition, however, Plaintiff appears to seek mandamus relief pertaining to a separate (allegedly related) administrative proceeding before the Equal Employment Opportunity Commission's ("EEOC's") Office of Federal Operations ("OFO"), a non-party (Dkt. 7 at 4). From what the court can deduce from Plaintiff's filing, Plaintiff asks the court to direct the EEOC OFO to toll a filing deadline in the administrative proceedings (Id. at 5-6). Plaintiff also seeks a writ of mandamus compelling the EEOC to provide "additional, amplifying information regarding these related claims . . ." (Id. at 4).

However, neither the EEOC OFO nor its counsel is a party to this case, and there is no indication that Plaintiff has served the agency with his petition pursuant to Rule 4(i), Fed. R. Civ. P. Thus, the court lacks jurisdiction over the EEOC OFO related to Plaintiff's petition.

Nevertheless, the court will address Plaintiff's petition to the extent he seeks mandamus relief compelling Defendants to perform certain duties. Mandamus is an extreme form of equitable relief to be invoked only in extraordinary circumstances. Cash, 327 F.3d at 1257. To be entitled to mandamus, Plaintiff must demonstrate: (1) a clear right to the relief he requests; (2) a clear, non-discretionary duty for the Defendants to perform the action sought; and (3) the absence of an adequate alternative remedy. Id. (citation omitted). A writ of mandamus "'is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant

---

[2] The court construes liberally the pleadings of a pro se litigant such as Plaintiff. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (recognizing that pro se complaints should be held to "less stringent standards" than pleadings drafted by attorneys).

owes him a clear nondiscretionary duty.'" Id. (quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984)).

Plaintiff has not met his burden. He argues that the EEOC OFO and its counsel have a clear duty to toll his administrative proceedings and to file certain documents (Dkt. 7). Plaintiff bases this duty on telephone conversations he had with the EEOC OFO's counsel during which counsel allegedly agreed to do so (Dkt. 7 at 4). Plaintiff offers no other evidence. What is more, Plaintiff has not demonstrated that he has exhausted all other available avenues of relief within the agency itself.[3]

The court lacks jurisdiction over Plaintiff's petition under the Mandamus Act, 28 U.S.C. § 1361. According, the undersigned recommends that Plaintiff's **Petition for Writ of Mandamus** (Dkt. 7) be denied.

Dated: September 9, 2009

ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

---

[3] Plaintiff also cites to the Administrative Procedures Act ("APA"), 5 U.S.C. §705, in support of his petition (Dkt. 7 at 3). However, Plaintiff has not demonstrated that he has exhausted his administrative remedies as to the EEOC proceedings or even that the APA is the appropriate statute under which to file suit. See 5 U.S.C. § 704 (authorizing judicial review of "final agency action").

3

Copies to:
Counsel of Record
District Judge