UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSEPH ARTHUR WILLIAMS,**

    **Plaintiff,**

v.                                             Case No. 8:08-CV-2448-T-33EAJ

**UNITED STATES DEPARTMENT
OF THE TREASURY, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Request for Court Appointed Attorney** (Dkt. 25) to assist him in this civil suit.

"A plaintiff in a civil case has no constitutional right to counsel." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). The court has the discretion, however, to appoint counsel for an indigent plaintiff in a civil case where "exceptional circumstances" require such appointment. Id. (citations omitted); see 28 U.S.C. § 1915(e)(1). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).

Count One of Plaintiff's two-count amended complaint alleges that Defendants violated the Veterans Employment Opportunity Act of 1998 ("VEOA"), 5 U.S.C. § 3330a, when they requested that Plaintiff be passed over for two Tax Compliance Officer positions without providing statutory notification to Plaintiff (Dkt. 11 at 3-7). Plaintiff asserts that Defendants concealed these violations and thus caused Plaintiff to miss the sixty-day deadline for a preference-eligible veteran to file a

complaint alleging that an agency violated the veteran's rights under any statue or regulation relating to veterans' preference. See 5 U.S.C. § 3330a(a)(1)(A) and (a)(2)(A). Count Two alleges that Defendants breached a November 2006 contractual agreement to provide Plaintiff with a conciliatory Tax Compliance Officer position at a certain salary (Dkt. 11 at 13-14). Plaintiff states that upon reporting for duty for this position, his salary was at a rate lower than promised but his managers insisted there was no error (Id.). Plaintiff seeks damages in excess of $299,000.00 plus attorneys' fees and costs (Id. at 17).

Whether or not Plaintiff is able to afford counsel, Plaintiff has not demonstrated the presence of exceptional circumstances justifying the appointment of counsel. Plaintiff's claims do not present "facts and legal issues ... so novel or complex as to require the assistance of a trained practitioner." Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992) (citation and internal quotation marks omitted). Although Plaintiff's complaint describes the lengthy and convoluted progression of his claims through the administrative process, it also reflects that Plaintiff is able to sufficiently articulate his claims and does not require assistance to present the essential merits of his position.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's Request for Court Appointed Attorney (Dkt. 25) be **DENIED**.

**Date: January 14, 2010**

ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

Copies to:
Pro se Plaintiff
District Court Judge