UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH ARTHUR WILLIAMS,

    Plaintiff,

v.                               CASE NO: 8:08-cv-2448-T-33EAJ

UNITED STATES DEPARTMENT OF
TREASURY, et al.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff's Motion for Continuance (Doc. # 6), Defendants' Dispositive Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 12), Plaintiff's Motion to Amend and to Add Indispensable Parties (Doc. # 17), Defendants' Motion to Strike Reply (Doc. # 21), Plaintiff's Motion for Injunction (Doc. # 26), Plaintiff's Motion to Supplement Complaint (Doc. # 30), Plaintiff's Motion to Add the Equal Employment Opportunity Commission, Office of Federal Operations, as an Indispensable Party (Doc. # 31), Plaintiff's Motion to Join (Doc. # 32), and Plaintiff's Motion to Join Related Case 8:09-cv-2508-T33AEP (Doc. # 34).

I. Background

Count 1 of Plaintiff's two-count Amended Complaint (Doc. # 11) alleges that Defendants violated the Veterans Employment

Opportunity Act of 1998 ("VEOA"), 5 U.S.C. § 3330a, when they requested that Plaintiff be passed over for two Tax Compliance Officer ("TCO") positions without providing statutory notification to Plaintiff. Amended Complaint, Doc. # 11 at 3-7. Plaintiff asserts that Defendants concealed these violations and thus caused Plaintiff to miss the sixty-day deadline for a preference-eligible veteran to file a complaint alleging that an agency violated the veteran's rights under any statute or regulation relating to veterans' preference. See 5 U.S.C. § 3330a(a)(1)(A) and (a)(2)(A). Count 2 alleges that Defendants breached a November 2006 contractual agreement to provide Plaintiff with a conciliatory TCO position at a certain salary. Amended Complaint, Doc. # 11 at 13-14. Plaintiff states that upon reporting for duty for this position, his salary was at a rate lower than promised but his managers insisted there was no error. Id. Plaintiff seeks damages in excess of $299,000.00 plus attorneys' fees and costs. Id. at 17.

II. Analysis

    A. Plaintiff's Motion for Continuance

Plaintiff seeks to toll or stay this action in hopes that two EEOC complaints/claims will become ripe for review and can be joined in this action. Plaintiff, however, does not

2

indicate the amount of time he seeks this action to be tolled. The Court notes that Plaintiff's motion was filed on April 16, 2009.  Given the length of time that it has taken the Court to reach this motion, a generous extension of time has in essence been granted, and the Court finds that no further continuance is warranted.  Accordingly, this motion is denied.

    B.   <u>Defendants' Dispositive Motion to Dismiss Plaintiff's Amended Complaint</u>

Defendants argue that the Court lacks subject matter jurisdiction to review the Merit Systems Protection Board ("MSPB") decision that is the subject of Count 1 and that Plaintiff's Count 2 Breach of Contract claim likewise fails for lack of subject matter jurisdiction. Defendants also move to dismiss all claims against Secretary Geithner in his individual capacity.

    1.  Count 1

Plaintiff alleged that in 2006, he was passed over for two TCO positions in Las Vegas, Nevada and San Jose/San Raphael, California in violation of the VEOA.  Plaintiff further alleges that he became aware of the alleged VEOA violations on January 15, 2008.

Plaintiff did not file a VEOA complaint with the Department of Labor ("DOL") until April 22, 2008.  <u>See</u>

Plaintiff's MSPB Form 185-8 - Veterans Preference Claims or VEOA Appeal, at 4, No. 7, Doc. # 12, Exh. A.[1] As a result, the DOL found Plaintiff's VEOA complaint to be untimely and issued a denial letter. Amended Complaint, Doc. # 11 at ¶ 13; see MSPB Initial Decision at 3, Doc. # 12, Exh. B. Thereafter, Plaintiff appealed to the MSPB, where an MSPB Administrative Law Judge found that MSPB lacked jurisdiction over the matter because Plaintiff failed to show that the filing deadline for his complaint with the DOL should have been equitably waived. Amended Complaint, Doc. # 11 at ¶ 13; Doc. # 12, Exh. B at 6.

In the MSPB's Initial Decision, Plaintiff was advised of his right to petition the United States Court of Appeals for the Federal Circuit. Doc. # 12, Exh. B at 8. However, rather than pursuing his remedy in the Federal Circuit, Plaintiff improperly filed a petition with the Equal Employment Opportunity Commission ("EEOC"), which promptly denied

---

[1]To the extent any exhibit is not incorporated by reference in the complaint, the Court may consider extrinsic evidence when deciding a motion to dismiss for lack of jurisdiction. See Morrison v. Amway Corp., 323 F.3d 920, 924-25 n.5 (11th Cir. 2003)("Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms, 'facial' and 'factual' attacks....In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits.").

4

consideration.[2] Amended Complaint, Doc. # 11 at ¶ 13; see EEOC Denial of Consideration at 1, Doc. # 12, Exh. C. The EEOC noted that the MSPB "decision did not give [Plaintiff] appeal rights to the Commission and did not address any discrimination claims." Doc. # 12, Exh. C at 1. Rather, Plaintiff "rais[ed] a claim regarding his veteran's preference rights." Id. As a result, the EEOC found that it had "no jurisdiction to address such matters." Id.

Thereafter, Plaintiff filed this action. This Court, however, lacks subject matter jurisdiction to review the MSPB decision. As set forth in 5 U.S.C. § 7703(b)(1), "a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit." The Federal Circuit has exclusive jurisdiction over an appeal from a final decision of the MSPB.[3] See 28 U.S.C. § 1295(a)(9).

---

[2]The EEOC incorrectly stated that Plaintiff could appeal the MSPB decision to a United States District Court. See Doc. # 12, Exh. C at 2. This error, however, does not, in fact, confer jurisdiction upon this Court.

[3]There are certain exceptions where a plaintiff may seek review in district court, such as "mixed cases" involving alleged discrimination under Title VII. None of the exceptions are applicable here however. See 5 U.S.C. § 7703(b)(2); Kelliher v. Veneman, 313 F.3d 1270, 1274 (11th Cir. 2002).

5

Even if the Court had subject matter jurisdiction, the MSPB did not abuse its discretion in dismissing Plaintiff's appeal for lack of jurisdiction. "MSPB determinations are reviewed on the record and set aside only if the 'agency action, finding or conclusion' is found to be: '(1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.'" Keliher v. Veneman, 313 F.3d 1270, 1274 (11th Cir. 2002)(citing 5 U.S.C. § 7703(c)).

Plaintiff is challenging the MSPB Administrative Law Judge's finding that Plaintiff failed to show "that the filing deadline for his complaint to DOL should have been equitably waived in this case." Doc. # 12, Exh. B at 6; Amended Complaint, Doc. # 11 at ¶ 13. Under 5 U.S.C. § 3330a(a)(1)(A), a "preference eligible who alleges that an agency has violated such individual's rights under any statute or regulation relating to veterans' preference may file a complaint with the Secretary of Labor." The complaint "must be filed within 60 days after the date of the alleged violation." 5 U.S.C. § 3330a(a)(2)(A). A decision of the Secretary of Labor may then be appealed to the MSPB if certain

6

requirements are met.  5 U.S.C. § 3330a(d)(1) and (2).

In the case at bar, Plaintiff alleges that his VEOA rights were violated in 2006.  Plaintiff further alleges that he discovered this VEOA violation on January 15, 2008.  Nevertheless, Plaintiff failed to file a VEOA complaint with the DOL until April 22, 2008 - more than 60 days after the date of the alleged violation.  Doc. # 12, Exh. A at 4, No. 7.

Notwithstanding Plaintiff's untimely filing, the MSPB Administrative Law Judge considered whether Plaintiff was entitled to equitable tolling. See Doc. # 12, Exh. B at 3-6; see also Kirkendall v. Department of the Army, 479 F.3d 830 (Fed. Cir. 2007)(*en banc*)(holding that an MSPB Board must consider whether the time to file a VEOA claim is equitably tolled).  After due consideration, the MSPB Administrative Law Judge found that Plaintiff failed to show "that the filing deadline for his complaint to DOL should have been equitably waived in this case."  Doc. # 12, Exh. B at 6.  Accordingly, the MSPB did not abuse its discretion in holding that "because [Plaintiff] has not shown that he exhausted his remedy with the DOL, and since the application of equitable tolling would be inappropriate in this case, [Plaintiff] has failed to establish that the [MSPB] possesses jurisdiction over his VEOA appeal."  Id.  Accordingly, the motion to dismiss is due to be

7

granted as to Count 1.

2.  Count 2

Plaintiff amended his complaint to add a claim for breach of contract in which Plaintiff seeks damages in excess of $299,000.00. See Amended Complaint, Doc. # 11 at 17. As a threshold matter, the Court of Federal Claims has exclusive jurisdiction over any claim brought upon any express or implied contract with the United States in which the federal government's potential liability exceeds $10,000.00. See 28 U.S.C. §§ 1346(a)(2)and 1491(a)(1). Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claim for breach of contract.

Nevertheless, even if this Court did have jurisdiction, "there is a 'well-established principle that, absent specific legislation, federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationship with the government.'" Hamlet v. United States, 63 F.3d 1097, 1101 (Fed. Cir. 1995) (*quoting* Chu v. United States, 773 F.2d 1226, 1229 (Fed. Cir. 1985)); see also Adams v. United States, 391 F.3d 1212, 1221 (Fed. Cir. 2004) ("Like all federal employees, Appellants served by appointment. The terms of their employment and compensation, consequently, were governed

exclusively by statute, not contract."); Collier v. United States, 379 F.3d 1330, 1332 (Fed. Cir. 2004) ("As an appointed employee, Mr. Collier did not have an employment contract with the government, and did not acquire such a contract through his job description or performance plan."); Kania v. United States, 650 F.2d 264, 268 (Ct. Cl. 1981) ("Thus it has long been held that the rights of civilian and military public employees against the government do not turn on contract doctrines but are matters of legal status even where compacts are made."); Calvin v. United States, 63 Fed. Cl. 468, 472 (Fed. Cl. 2005) ("In other words, there is a 'presumption that federal employees hold their positions pursuant to appointment[ ] rather than by contract.' " *(quoting* Collier v. United States, 56 Fed. Cl. 354, 357 (Fed. Cl. 2003))); Berry v. United States, 27 Fed. Cl. 96, 100 (Fed. Cl. 1992) ("The contract liability enforceable under the Tucker Act does not extend to every agreement, understanding, or compact entered into by the Government. It is well established that the rights of civilian and military public employees against the Government do not turn on contract doctrines, but are matters of legal status.")(citations omitted); Darden v. United States, 18 Cl. Ct. 855, 859 (Cl. Ct. 1989) (finding that the most that can be said about plaintiff's job description as a

9

personnel clerk "is that plaintiff was apprised of her forthcoming responsibilities and the salary to which she was entitled for the performance of those duties. It may very well have created certain procedural rights, but under no circumstance may it be viewed as giving rise to a contractual relationship sufficient to create jurisdiction under the Tucker Act."); Orona v. United States, 4 Cl. Ct. 81, 82 (Cl. Ct. 1983)("[P]laintiff's employment...was through appointment and not by contract, and therefore this court has no jurisdiction under the Tucker Act to consider his claim.").

As a result, Plaintiff's claim based on a breach of contract theory against the federal government is precluded. Accordingly, Plaintiff has failed to state a claim for which relief may be granted and the motion to dismiss as to Count 2 is due to be granted.

3. Secretary Geithner in His Individual Capacity

Defendants also move to dismiss the claims against Secretary Geithner in his individual capacity. While the caption and first paragraph of the Amended Complaint identify that this action is brought against Secretary Geithner in both his official and individual capacity, Plaintiff has failed to state a claim for which relief may be granted against Secretary Geithner individually. Plaintiff fails to allege

any facts regarding Secretary Geithner in the Amended Complaint. Indeed, Secretary Geithner did not even assume this office until after the alleged wrongful acts occurred.

Accordingly, Plaintiff fails to meet the pleading requirements of Fed. R. Civ. P. 8. In addition, Plaintiff has not properly served Secretary Geithner pursuant to Fed. R. Civ. P. 4(i)(3). As such, any claim against Secretary Geithner in his individual capacity must be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) & (5).

    C. <u>Plaintiff's Motion to Amend and to Add Indispensable Parties</u>

In response to Defendants' Motion to Dismiss Plaintiff's Amended Complaint, Plaintiff seeks leave to amend his Complaint for a second time. Plaintiff seeks to amend the Amended Complaint to "add the Plaintiff's Title VII discrimination and retaliation claims, age discrimination claims, Constitutionally protected due process claims, and indispensable parties...." Doc. # 17 at 1.

Under Rule 15(a), Fed. R. Civ. P., leave to amend should freely be given when justice so requires. A decision whether to grant or deny a motion for leave to file an amended complaint, however, is within the sound discretion of the district court. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

11

Accordingly, there must be a "justifying reason" for a court to deny leave to amend. Id. at 182. Because of the liberal policy allowing amendments embodied in Rule 15(a), "a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile." Taylor v. Florida State Fair Auth., 875 F. Supp. 812, 814 (M.D. Fla. 1995)(citing Foman, 371 U.S. at 182).

Defendants argue that such efforts would be futile. This Court agrees. Plaintiff's discrimination claims are time-barred. "Federal sector employees who believe that they have been subject to discrimination must initiate contact with an EEOC counselor within 45 days of the effective date of a personnel action." Thomas v. Miami Veterans Med. Ctr., 290 Fed. Appx. 317, 318 (11th Cir. 2008)(citing 29 C.F.R. § 1614.105(a)(1)). "A federal employee must pursue and exhaust her administrative remedies as a jurisdictional prerequisite to filing a Title VII action." Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999). Plaintiff alleges that he was forced to resign on January 31, 2007, but he did not contact an EEOC counselor until April 3, 2007, which was outside the 45-day contact period for the January 31, 2007 incident. See

Doc. # 19, Exh. A. Accordingly, the discrimination claims would be subject to dismissal.

Similarly, Plaintiff's "Constitutionally protected due process" claims are precluded. "[O]utside of Title VII claims, both the Supreme Court and [the Eleventh Circuit] have concluded generally that the [Civil Service Reform Act ("CSRA")] provides the exclusive procedure for challenging federal personnel decisions." Hendrix v. Snow, 170 Fed. Appx. 68, 80 (11th Cir. 2006). In addition, the Eleventh Circuit "has recognized that the comprehensive statutory scheme established by Congress relating to federal employment (CSRA) precludes the maintenance of job-related *Bivens* actions by federal employees." Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1577 (11th Cir. 1990). Accordingly, Plaintiff is precluded from maintaining claims for depravation of constitutional rights.

Accordingly, the Court finds that, in light of the dismissal of Counts 1 and 2 as discussed above and the futility of the proposed claims, the motion to amend and to add indispensable parties is denied.

    D.    <u>Defendants' Motion to Strike Reply</u>

Plaintiff filed a combined Motion to Amend and to Add Indispensable Parties and Response in Opposition to

Defendants' Motion to Dismiss (Docs. # 17 & 18)[4]. Defendants then filed a Response in Opposition to Plaintiff's Second Motion to Amend (Doc. # 19). Following Defendants' response to his motion to amend, Plaintiff, without leave of Court and in violation of Local Rule 3.01(c), filed a 20-page reply to Defendants' response (Doc. # 20).

Local Rule 3.01(c) states that "[n]o party shall file any reply or further memorandum directed to the motion or response ... unless the Court grants leave." Where a party has improperly filed a reply, it is appropriate for the Court to strike the reply. See Quitto v. Bay Colony Golf Club, Inc., No. 2:06-cv-286-FtM-29DNF, 2007 WL 2002537, *13 (M.D. Fla. Jul. 5, 2007); Schaaf v. SmithKline Beecham Co., No. 3:06-cv-120-J-25TEM, 2006 WL 2246146 (M.D. Fla. Aug. 4, 2006); United Van Lines, LLC v. Guillory, 228 F.R.D. 699, 699 (M.D. Fla. 2005).

Because Plaintiff did not seek leave of Court to file his reply and the Court is unpersuaded by the reasons given by Plaintiff for the need to file a reply, the motion to strike the reply is granted.

---

[4]Although the filing was given two separate document numbers for docketing purposes, it is, in fact, a single document.

E. <u>Plaintiff's Motion for Injunction</u>

Plaintiff's motion is directed at the Equal Employment Opportunity Commission's ("EEOC's") Office of Federal Operations ("OFO"), which is not a party to this action. The motion seeks equitable relief similar to that sought in Plaintiff's Petition for Writ of Mandamus (Doc. # 7)[5] and further objects to the Magistrate's Report and Recommendation (Doc. # 23), which recommended denying the Petition for Writ of Mandamus. As neither the EEOC OFO nor its counsel is a party to this action, and there is no indication that Plaintiff has served the agency with his petition pursuant to Rule 4(i), Fed. R. Civ. P., this Court lacks the jurisdiction over the EEOC OFO necessary for the relief sought in Plaintiff's motion. Accordingly, the motion for injunction is denied.

F. <u>Plaintiff's Motion to Supplement Complaint</u>[6]

Plaintiff seeks, pursuant to Rule 15(d), Fed. R. Civ. P.,

---

[5]Plaintiff's Petition for Writ of Mandamus appeared to seek mandamus relief pertaining to a separate (allegedly related) administrative proceeding before the EEOC's OFO. The Court by separate Order is adopting the Report and Recommendation of the Magistrate Judge (Doc. # 23) and is denying Plaintiff's Petition for Writ of Mandamus (Doc. # 7).

[6]In essence, the next three motions addressed by the Court seek to amend Plaintiff's complaint for a second time.

15

to again amend his Amended Complaint to add new causes of action based on a Department of Treasury Final Agency Decision on a discrimination complaint, EEODFS-06-0144-F. EEODFS-06-0144-F is a claim for alleged discrimination that occurred between January 18, 2006 and August 17, 2006. See Doc. # 33, Exh. A. The dates of this alleged discrimination, however, pre-date the events alleged in the Amended Complaint.

A "Rule 15(a) motion for leave to amend the complaint, not a Rule 15(d) motion to supplement the pleading, is the appropriate mechanism through which a party may assert additional claims for relief." Michael v. Ghee, 498 F.3d 372, 386 (6th Cir. 2007). The "appropriate bases for supplemental pleadings are new facts bearing on the relationship between the parties." United States v. Hicks, 283 F.3d 380, 385-86 (D.C. Cir. 2002). Plaintiff, in his motion, is not alleging new facts regarding the relationship of the parties. Accordingly, Plaintiff's motion to supplement the complaint is denied.

    G.    Plaintiff's Motion to Add Indispensable Party

Plaintiff moves this Court to add the EEOC OFO as an indispensable party pursuant to Rule 19(a), Fed. R. Civ. P. Rule 19(a)(1) states, in relevant part, that a person is a "required party" that "must be joined as a party if: (A) in

that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action...." Rule 19(a)(2) only applies "[i]f a person has not been joined as required." Defendants argue and the Court agrees that the EEOC OFO is not a required party.

Plaintiff's Amended Complaint (Doc. # 11) alleges two counts against the Department of Treasury and its department head. The Amended Complaint does not allege any causes of action against the EEOC OFO, and Plaintiff has not given any reason why those two counts would require the EEOC OFO to accord complete relief. Instead, Plaintiff is seeking to add the EEOC OFO as a party as a means to then seek injunctive relief against the EEOC OFO. Such relief, however, is unrelated to the two claims currently before the Court. The EEOC OFO does not appear to have claimed an interest relating to the subject of this litigation. Accordingly, the motion to add indispensable party is denied.

H.  Plaintiff's Motion to Join

Plaintiff moves this Court to join the additional causes of action alleged in EEODFS-06-0144-F. A plaintiff is permitted to join in a complaint separate causes of action. Fed. R. Civ. P. 18(a). However, "considerations under Rule

17

18(a)...require that the new claim arise out of the same subject matter and facts as the original and that joinder of a claim or a party will avoid a multiplicity of suits on similar issues." Davis v. Coler, 601 F. Supp. 444, 447 (N.D. Ill. 1984). The claims contained in EEODFS-06-0144-F do not arise out of the same subject matter and facts as the claims raised in the Amended Complaint. See Doc. # 33, Exh. A. Rather, the new claims arise from alleged facts that pre-date the allegations in the Amended Complaint. In addition, as this Court is granting dismissal of Plaintiff's Amended Complaint, Plaintiff's motion to join is due to be denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for Continuance (Doc. # 6) is **DENIED**.

(2) Defendants' Dispositive Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 12) is **GRANTED**. Dismissal of this action is without prejudice due to the Court's lack of subject matter jurisdiction and lack of sufficient service on Secretary Geithner in his individual capacity.

(3) Plaintiff's Motion to Amend and to Add Indispensable Parties (Doc. # 17) is **DENIED**.

(4) Defendants' Motion to Strike Reply (Doc. # 21) is **GRANTED**. The Clerk is directed to strike Plaintiff's Reply (Doc. # 20).

(5) Plaintiff's Motion for Injunction (Doc. # 26) is **DENIED**.

(6) Plaintiff's Motion to Supplement Complaint (Doc. # 30) is **DENIED**.

(7) Plaintiff's Motion to Add the Equal Employment Opportunity Commission, Office of Federal Operations, as an Indispensable Party (Doc. # 31) is **DENIED**.

(8) Plaintiff's Motion to Join (Doc. # 32) is **DENIED**.

(9) Plaintiff's Motion to Join Related Case 8:09-cv-2508-T33AEP (Doc. # 34) is **DENIED AS MOOT**.

(10) The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of March, 2010.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties and Counsel of Record